```
                     UNITED STATES DISTRICT COURT
                  FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

WILLIAM J. FOWLER,                  : CIVIL NO: 3:09-CV-01726
                                    :
          Plaintiff                 :
                                    : (Judge Kosik)
      v.                            :
                                    : (Magistrate Judge Smyser)
FRANKLIN J. TENNIS, et. al.,        :
                                    :
          Defendants                :
```

**REPORT AND RECOMMENDATION**

On March 1, 2011, the defendants filed a motion for summary judgment, a statement of material facts, a brief and documents in support of their motion. The plaintiff has not filed a brief in opposition to the motion for summary judgment as required by Local Rule 7.6, Rules of Court, M.D. Pa.

By an Order dated April 1, 2011, we ordered the plaintiff to file, on or before April 22, 2011, a brief in opposition to the motion for summary judgment, a response to the defendants' statement of material facts and any summary judgment evidence he has in opposition to the motion. We stated that if the plaintiff were to fail to file a brief in opposition, he may be deemed to have abandoned this action and we may recommend that this action be dismissed pursuant to Fed.R.Civ.P. 41(b).

The plaintiff still has not filed a response to the pending motion for summary judgment. This is not surprising because since January of this year all of the orders that the court has sent to the plaintiff have been returned. The envelopes of the returned orders contain the following notations: "return to sender"; "refused"; and "unable to forward."

Federal Rule of Civil Procedure 41(b) allows for the dismissal of an action where the plaintiff fails to prosecute or fails to comply with rules or orders of the court. The plaintiff has failed to prosecute this action and has failed to obey the court's Order of April 1, 2011 and Local Rule 7.6, which requires the filing of an opposition brief. The case should be dismissed pursuant to Fed.R.Civ.P. 41(b).

In *Stackhouse v. Mazurkiewicz*, 951 F.2d 29 (3d Cir. 1991), the court reversed the district court's dismissal for the *pro se* plaintiff's failure to file a brief in accordance with a local rule of court. The court stated that failure to obey the local rule should not form the basis for dismissal without an analysis of the merits of the case. The court noted

2

that dismissal was not to be ruled out if the party was represented by an attorney and in fact did not oppose the motion.  "Nor do we suggest that if a party fails to comply with the rule after a specific direction to comply from the court, the rule cannot be invoked.  Thus, our holding is not broad."  951 F.2d at 30.

In this case, the plaintiff was specifically directed to file a brief in opposition to the pending motion.  The plaintiff did not obey either the rule or the Order.

Federal Rule of Civil Procedure 41(b) provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."  Although dismissal is an available sanction, it is a drastic sanction which "should be reserved for those cases where there is a clear record of delay or contumacious conduct by the plaintiff." *Donnelly v. Johns-Manville Sales Corp.*, 677 F.2d 339, 342 (3d Cir. 1982).  In deciding whether to dismiss an action pursuant to Fed.R.Civ.P. 41(b), the court must balance the factors set forth in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863, 868 (3d Cir. 1984).  The *Poulis* factors the court should consider are:

3

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

*Id*. No single factor is dispositive. *Briscoe v. Klaus,* 538 F.3d 252, 263 (3d Cir. 2008). Each factor need not be satisfied for the court to dismiss an action. *Ware v. Rodale Press, Inc.,* 322 F.3d 218, 221 (3d Cir. 2003).

The first *Poulis* factor is the extent of the party's personal responsibility. In this case the plaintiff is proceeding *pro se.* A *pro se* litigant is responsible for failure to comply with the court's orders and rules. The plaintiff is personally responsible for failing to file a response to the defendants' motion for summary judgment.

The second *Poulis* factor is prejudice to the adversary. Examples of prejudice are "the irretrievable loss of evidence, the inevitable dimming of witnesses' memories, or the excessive and possibly irremediable burdens or costs imposed on the opposing party." *Scarborough v. Eubanks*, 747 F.2d 871, 876 (3d

4

Cir. 1984). Prejudice for purposes of the *Poulis* analysis does not mean irremediable harm. *Ware, supra,* 322 F.3d at 222. Further orders for the plaintiff to respond to the motion would only delay the case more than it has already been delayed. Such delay may prejudice the defendants.

The third *Poulis* factor is a history of dilatoriness. A "party's problematic acts must be evaluated in light of its behavior over the life of the case." *Adams v. Trustees, N.J. Brewery Trust Fund,* 29 F.3d 863, 875 (3d Cir. 1994). The plaintiff has not responded to the motion for summary judgment. Also, the plaintiff has either been refusing to accept mail from the court or has failed to keep the court informed of his current address as required by Local Rule 83.18. Either way the plaintiff's actions indicated an intent to abandon this case.

The fourth *Poulis* factor is whether the conduct was willful or in bad faith. "Willfulness involves intentional or self-serving behavior." *Adams, supra,* 29 F.3d at 875. Because of the plaintiff's refusal of mail from the court or his failure to keep the court informed of his current address, we conclude that the plaintiff's conduct was willful.

5

The fifth *Poulis* factor is the effectiveness of alternate sanctions. Dismissal is a sanction of last resort. *Poulis, supra*, 747 F.2d at 869.  It is incumbent upon the court to explore the effectiveness of lesser sanctions before ordering dismissal. *Id.* at 868.  The plaintiff is proceeding *pro* se and there is no evidence to support a reasonable inference that he would be able to pay monetary sanctions. Moreover, given the mail situation further orders to the plaintiff would not be effective.  In this case, no sanction short of dismissal would be effective.

The sixth *Poulis* factor is the meritoriousness of the claim or defense.  In this inquiry, a claim will be deemed meritorious when the allegations of the complaint, if established at trial, would support recovery. *Poulis, supra,* 747 F.2d at 870.  The remaining claims in this case have survived a motion to dismiss.  Thus, we conclude for purposes of the analysis under *Poulis* that the plaintiff's claims are meritorious.  But the defendants have presented summary judgment arguments which since they are not rebutted appear to be meritorious.

After weighing the *Poulis* factors we conclude that this case should be dismissed pursuant to Fed.R.Civ.P. 41(b).  The plaintiff has abandoned this lawsuit.

Finally, it is important to note that if we are in error in our weighing of the *Poulis* factors and if the plaintiff intends to proceed, he can file objections to this recommendation.

Based on the foregoing, it is recommended that the action be dismissed pursuant to Fed.R.Civ.P.41(b) and that the case file be closed.

*/s/ J. Andrew Smyser*
J. Andrew Smyser
Magistrate Judge

Dated:  May 2, 2011.